AB:AB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JUSTIN NUDELMAN,
           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

**COMPLAINT AND AFFIDAVIT IN SUPPORT OF APPLICATION FOR ARREST WARRANT**

(18 U.S.C. §§ 922(g)(1) and 922(o))

23-MJ-806

EASTERN DISTRICT OF NEW YORK, SS:

      Evan Moscou-Lewis, being duly sworn, deposes and states that he is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, duly appointed according to law and acting as such.

      From in or about January 2021 through the present, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce firearms, to wit: nine privately made auto sears; a privately made firearm modeled after a SIG Sauer, model P320, .40 caliber pistol, as well as ten rounds of .40 caliber ammunition for that firearm; a GlockStore, Model SS80, 9 millimeter pistol, privately made firearm modeled after a Glock Model 43, 9 millimeter pistol, as well as six rounds of nine millimeter ammunition for that firearm; a privately made pistol lower receiver modeled after a semi-automatic pistol, along with an upper receiver, related firearm components, and six rounds of .380 ammunition for that firearm; a box labeled "PPU Handgun Line Ammunition," containing approximately 50 rounds of .25 auto

caliber ammunition; and a box labeled "Speer Lawman Ammunition," containing approximately 50 rounds of .380 caliber ammunition.

(Title 18, United States Code, Section 922(g)(1))

From in or about January 2021 through the present, within the Eastern District of New York and elsewhere, the defendant JUSTIN NUDELMAN did knowingly and intentionally possess a machinegun, to wit: nine privately made auto sears.

(Title 18, United States Code, Section 922(o))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been since approximately June 2021. I serve on the ATF New York Group IV, which includes both the ATF and the New York Police Department ("NYPD"), and I have been involved in the investigation of cases involving the recovery of firearms, including machine guns, and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. In my capacity as a member of the ATF New York Group IV, I have learned that law enforcement officers have been conducting an ongoing criminal investigation into firearm purchases made by JUSTIN NUDELMAN. In that investigation, officers have obtained documents from various online retail stores that specialize primarily in the sale of

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

firearm parts, including NDZ Performance, Vet Sales, and PrintYour2A, as well as from and through other general retailers such as eBay. The documents obtained from these retail stores reflect that from in or about January 2021 through the present, NUDELMAN received at least 80 shipments of firearm parts that could be used to assemble unserialized privately made firearms, colloquially referred to as "ghost guns." Documents obtained by law enforcement officers reflect that each of these purchases was made using electronic usernames that resembles NUDELMAN's name, such as "justinudelma-0" or "jusnude-58," and that the shipping address for each purchase was an address on Corona Avenue, Staten Island, New York. These firearm parts include, but are not limited to, ammunition magazines for multiple handgun models, 9 millimeter barrels, night sights, laser and other optic sights, lower parts kits that contain the internal components necessary to build completed firearms, and a safety parts kit for a 12-gauge Mossberg 500 Shotgun.

        3. During the course of the investigation, NYPD officers determined that NUDELMAN resided at the address on Corona Avenue, Staten Island, NY where all of the firearm parts were shipped during the period that he received shipments of firearm parts. Based on reconnaissance of that address, other facts learned during the investigation, as well as their training and experience, NYPD officers believed that NUDELMAN was using his residential address for the manufacture and storage of illegal firearms. Based on law enforcement officers' investigation, NUDELMAN appears to be the sole resident at the Corona Avenue address.

        4. On September 5, 2023, Justice Mario Mattei of the New York Supreme Court authorized a warrant to search NUDELMAN's residence at the Corona Avenue address.

        5. On or about September 7, 2023, NYPD officers executed the search warrant. While conducting the search, the officers discovered, among other things, nine

privately made auto sears; a privately made firearm modeled after a SIG Sauer, model P320, .40 caliber pistol, as well as ten rounds of .40 caliber ammunition for that firearm; a GlockStore, Model SS80, 9 millimeter pistol, privately made firearm modeled after a Glock Model 43, 9 millimeter pistol, as well as six rounds of nine millimeter ammunition for that firearm; a privately made pistol lower receiver modeled after a semi-automatic pistol,[2] along with an upper receiver, related firearm components, and six rounds of .380 ammunition for that firearm; a box labeled "PPU Handgun Line Ammunition," containing approximately 50 rounds of .25 auto caliber ammunition; and a box labeled "Speer Lawman Ammunition," containing approximately 50 rounds of .380 caliber ammunition.

6. An auto sear, which can also be known as a switch, is a small device that when affixed to the back of a firearm converts the firearm into a fully automatic weapon, and which is therefore a machinegun, as defined in 26 U.S.C. § 5845(b). A machinegun, as defined in 26 U.S.C. § 5845(b), is any weapon which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. This "term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person." Id. As mentioned above, in executing the search warrant, officers recovered nine auto sears.

---

[2] Under 18 U.S.C. § 921(a)(1), the term "firearm" means, among other things, (A) any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; [and] (B) the frame or receiver of any such weapon. In my training and experience, a lower receiver such as the one found here qualifies as a "firearm" under this definition.

7. I consulted with an ATF interstate nexus agent, who confirmed that the ammunition contained in the boxes labeled "PPU Handgun Line Ammunition," and "Speer Lawman Ammunition" were manufactured outside the State of New York.

8. I have reviewed the criminal history of the defendant JUSTIN NUDELMAN. Based upon this review I have determined that NUDELMAN was convicted in the Richmond County Supreme Court of the offense of Attempted Assault in the Second Degree: Intent to Cause Injury with Weapon/Instrument, in violation of New York Penal Law Section 120.05. This crime is punishable by imprisonment for a term exceeding one year.

9. Based on the foregoing, there is probable cause to believe that the defendant JUSTIN NUDELMAN has violated Title 18, United States Code, Sections 922(g)(1) and 922(o).

10. I respectfully request that this Court issue an order sealing, until further order of the Court, all materials submitted in support of this application, including the affidavit and arrest warrant. Based on my training and experience, I know that criminals actively search for criminal affidavits and arrest warrants via the Internet. Premature disclosure of the application materials would give the defendant JUSTIN NUDELMAN, or other co-conspirators, an opportunity to change patterns of behavior, flee from or evade prosecution, destroy evidence, or endanger the life or physical safety of an individual. Therefore, such disclosure would have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests that a warrant issue for the arrest of the defendant JUSTIN NUDELMAN so that he may be dealt with according to law.

                                                              */s/ Evan Moscou-Lewis*
                                                              Evan Moscou-Lewis
                                                              Special Agent
                                                              Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
8th day of September, 2023
by telephone

   s/ James R. Cho
THE HONORABLE JAMES R. CHO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK